NOT RECOMMENDED FOR PUBLICATION
OR CITATION AS AUTHORITY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| CECIL RAY CAVENAUGH FAULKNER, | ) ) ) | |
| Petitioner, | ) ) | Civil Action No. 6: 05-447-DCR |
| V. | ) ) | |
| CHARLES SAMUELS, JR., Warden, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | ) ) ) | |

**        **        **        **        **

Cecil Ray Cavenaugh Faulkner, who also gives his name as Cecil Ray Cavenaugh (Faulkner), is currently incarcerated in the Federal Correctional Institution, in Manchester, Kentucky. He has paid the district court filing fee and filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. This matter is before the Court for initial screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

CLAIMS AND ALLEGATIONS

The Petitioner challenges his conviction and sentence on several grounds in a commonly-used petition form and attached memorandum of law. [Record No. 1] The following is a summary or construction of the allegations contained in these materials.

-1-

The Petitioner states that he entered a guilty plea on March 7, 1996, in the United States District Court for the Southern District of Indiana to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1) [Case No. 4:96-01-01] and to one count of violating 18 U.S.C. 2313, interstate transportation of stolen motor vehicles [Case No. 4:96-03-01]. On June 6, 1996, he received concurrent sentences of 180 months on the firearms charge based on his status as an armed career criminal, and 120 months on the stolen vehicles charge. He was also assessed a $50.00 mandatory fee and ordered to pay $16,978.75 in restitution. The Petitioner did not appeal his convictions or sentences. At some point, however, he did file a motion to vacate or amend, pursuant to 28 U.S.C. §2255. However, he states that this motion was denied on August 27, 1997.

The Petitioner challenges his conviction and sentences on three grounds. First, he alleges that the court lacked jurisdiction to sentence him to 180 months on the firearms charge because he was not indicted under 18 U.S.C. §924(e) but under U.S.C. §922(g) which carries a maximum sentence is 10 years. The Petitioner next argues that his Fifth and Sixth Amendment rights were violated when the District Court enhanced his sentence using criteria that was not submitted to a jury nor proven beyond a reasonable doubt. Therefore, because he is "innocent of the sentencing factor," the Petitioner claims that he is entitled to relief under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *United States v. Booker*, 543 U.S. ___, 125 S.Ct. 738 (2005). Finally, he appears to argue that the trial court's mandatory assessment of $50.00 was an erroneous amount. It should have been $100 because it was after April 24, 1996, and the error "renders petitioner's sentence illegal and invalid."

-2-

The Petitioner also requests that the Court provide him with counsel and closes with another request. He asks that if the Court should not grant the initial relief sought, then he seeks to have the matter transferred to the court of appeals for a determination of whether he is entitled to a certificate of authorization to file a successive §2255 motion in the trial court.

<u>DISCUSSION</u>

As a general matter, 28 U.S.C. §2255 relates to conviction and imposition of sentence and such issues must be brought before the trial court. A petition for writ of habeas corpus under 28 U.S.C. §2241 is to be brought in the district where a petitioner is incarcerated and may only challenge *execution* of sentence, such as the computation of parole or sentence credits. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979). Since the Petitioner's claims relate to the convictions obtained and sentences imposed by the federal district court in the Southern District of Indiana, they are not ordinarily cognizable claims for this Court under 28 U.S.C. §2241.

Nevertheless, certain language in the fifth paragraph of 28 U.S.C. §2255 provides that a district court may exercise jurisdiction over §2255 claims under 28 U.S.C. §2241. Commonly called the "savings clause" of §2255, such use of §2241 is conditioned upon the petitioner establishing that "the remedy by [§2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; *Cohen v. United States*, 593 F.2d at 770-71. Use of the savings clause has undergone an upsurge in popularity in recent years. In *Bailey v. United States*, 516 U.S. 137 (1995), the Supreme Court of the United States interpreted the "use" prong of 18 U.S.C. §924(c)(1) narrowly, to require "active employment" of a firearm in order to sustain

-3-

a conviction for use of a firearm in relation to a drug offense. Numerous prisoners who had been convicted under a broader understanding of the "use" component for conduct which, after *Bailey*, was not considered criminal conduct, suddenly had claims of actual innocence.

Claimants under the Supreme Court's opinion, however, were often effectively barred from bringing their claims because they had already filed a §2255 motion, and successive motions had become difficult to obtain because of Congress's enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996. The new legislation imposed several statutory restrictions on a prisoner's ability to file habeas petitions under 28 U.S.C. §§2254 and 2255, including a one-year statute of limitations and the stringent requirement that a prisoner who has already filed an unsuccessful §2255 motion and who wished to raise issues in a second or successive motion must receive pre-authorization from the appropriate circuit court.

Thus, from 1996 to the present, prisoners have tried to meet the conditions of the savings clause of §2255 so that they may use §2241 to bring a successive or untimely §2255 claim. The Court construes that the instant Petitioner is invoking the savings clause. Accordingly, the Court must examine *Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir. 1999), and *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003), in which the Sixth Circuit set out the threshold test which a petitioner must meet for a court to use its §2241 jurisdiction to entertain a challenge to a conviction or sentence, that would ordinarily be brought to the trial court pursuant to §2255.

Under *Charles*, a §2241 petitioner challenging his conviction or sentence must first demonstrate that his remedy under §2255 is truly inadequate or ineffective; and neither an earlier

-4-

unsuccessful §2255 motion nor a time bar will meet this standard.  180 F.3d at 757.  The burden is on the petitioner to demonstrate inadequacy or ineffectiveness as a threshold matter.  *Id.* at 756.  The second component which must be demonstrated is that the §2241 petitioner has a claim of "actual innocence," as did the petitioner in *Martin*.

Therefore, this Court must evaluate whether the this Petitioner has established both of the requisite pre-conditions so that the Court may use §2241 to weigh his challenges to his convictions and sentence on the merits, *i.e.*, (1) whether he has been barred from filing a §2255 motion to raise an innocence claim; *and* (2) whether he is making a claim of actual innocence based on an intervening Supreme Court decision that narrowly defines a term of the statute under which he was convicted.  Then and only then will this Court be able to address the merits of the innocence claim under 28 U.S.C. §2241.

In the present case, Faulkner has failed to present either of these prerequisites.  He does not allege that he sought permission from the appellate court to bring a successive §2255 motion with these three claims and was denied.  Nor does he claim actual innocence of the crimes for which he was convicted and sentenced, based upon an intervening Supreme Court case interpreting that crime.  Actual innocence is discussed at length in *Bousley v. United States*, 523 U.S. 614 (1998), with the Supreme Court noting that, "[t]o establish actual innocence, Petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  *Id.* at 623.  The Court went on to state, "[i]t is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. . . ."  *Id.* at 623-24.

-5-

All of this Petitioner's claims are legal claims, and case law distinguishes claims falling under the label of "legal innocence" from claims of "actual innocence" of *the underlying offense charged in the indictment*. *See Hernandez-Escarsega v. Morris*, 2002 WL 845060 (10th Cir. May 3, 2002) (Table, unpublished) (the court distinguishing claims of legal innocence from claims of actual, or factual innocence); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001) ("[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law"); *Whitener v. Snyder*, 23 Fed. Appx. 257, 2001 WL 1178302 (6th Cir. September 24, 2001) (same).

Even if the Court were to consider Faulkner's claims which are based upon the intervening Supreme Court decisions which he cites, *Booker* is not applicable to cases that were final prior to the date of the Supreme Court's decision, as the Petitioner's was. Moreover, the Sixth Circuit has specifically determined *Booker* is not applicable on collateral review. *Humphress v. United States*, 398 F.3d 855 (6th Cir.2005) (*Booker's* rule does not apply retroactively in collateral proceedings); *In re Anderson,* 396 F.3d 1336, 1339 (11th Cir.2005) (""'It follows that because *Booker,* like *Blakely* and *Ring,* is based on an extension of *Apprendi,* [the petitioner] cannot show that the Supreme Court has made that decision [*Booker* ] retroactive to cases already final on direct review."'").

Because the Petitioner has failed to pass the threshold of demonstrating that his remedy *via* a §2255 motion to the trial court is barred and that he is actually innocent of criminal conduct under an intervening ruling handed down by the Supreme Court of the United States, his petition must be denied and his civil action dismissed. Also, because the Court finds that Faulkner has

failed to state a claim upon which this Court may grant relief *via* §2241, appointment of counsel is not warranted (*see Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983)).

Finally, regarding the Petitioner's request for a transfer of this matter to the appellate court, such a transfer is not consistent with the Sixth Circuit's decision in *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).  *See Mitchell v. United States*, 2005 WL 1607983 (N.D. Ohio July 8, 2005).

<u>CONCLUSION</u>

For the reasons discussed herein, it is **ORDERED** as follows:

(1)      Petitioner Faulkner's petition for writ of habeas corpus is **DENIED**.

(2)      This action is **DISMISSED**, *sua sponte,* from the docket of the Court.  Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This 13th day of September, 2005.

Signed By:

*Danny C. Reeves*   DCR

**United States District Judge**